## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

Dr. Calvin Tyrone Norton,

        Plaintiff,

    v.

HAROLD C. TURRENTINE as known
HAROLD T LIVE d/b/a FACEBOOK,
WILLIAM G. MCCRAY III d/b/a
FACEBOOK, DEMARIO Q. JIVES as known
KING JIVES SHOW d/b/a FACEBOOK,
FELICIA A. BOONE d/b/a FACEBOOK,
META PLATFORMS, INC. d/b/a
FACEBOOK,

        Defendants.

Case No. 1:25-cv-00099-GHD-DAS

Removed from the Lee County Circuit
Court, 1st Judicial District, Case
No. 41CI1:25-00033

# DEFENDANT META PLATFORMS, INC.'S
# REPLY IN SUPPORT OF ITS MOTION TO DISMISS
# COMPLAINT

# TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................................. 2

I.    Plaintiff Fails To Carry His Burden To Establish Personal Jurisdiction
Over Meta ................................................................................................... 2

    A.    Plaintiff fails to establish general personal jurisdiction over Meta ............ 2

    B.    Plaintiff fails to establish specific personal jurisdiction over Meta ........... 4

II.    Section 230 Bars Plaintiff's Claims Against Meta ................................................ 6

III.    Plaintiff Fails To State A Claim Under Any Legal Theory .................................... 9

    A.    Plaintiff fails to allege essential elements of his invasion of privacy
claim ........................................................................................................ 9

    B.    Plaintiff fails to allege essential elements of his libel claim .................... 11

    C.    Plaintiff fails to show any irreparable harm or likelihood of success
that warrants injunctive relief against Meta ............................................. 12

IV.    The Complaint Should Be Dismissed With Prejudice .......................................... 14

V.    Conclusion ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Allred v. Moore & Peterson*,
117 F.3d 278 (5th Cir. 1997) ................................................................2

*Barnes v. Yahoo!, Inc.*,
570 F.3d 1096 (9th Cir. 2009) ........................................................6, 7, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................11

*Bradshaw v. Thompson*,
No. 3:96-cv-009, 1996 WL 408040 (N.D. Miss. May 1, 1996) .........7, 10

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
No. 10-cv-03428, 2011 WL 7762998 (N.D. Cal. Aug. 16, 2011) ..........13

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) ..............................................9, 14

*Clark v. Marcus Todd Sampson Est.*,
No. 6:19-cv-01202, 2020 WL 7034578 (W.D. La. Nov. 30, 2020) .........3

*Cont'l Auto. Sys., Inc. v. Avanci, L.L.C.*,
27 F.4th 326 (5th Cir.) ............................................................................8

*Doe v. MySpace, Inc.*,
528 F.3d 413 (5th Cir. 2008) ..............................................................6, 7

*Freudensprung v. Offshore Tech. Servs., Inc.*,
379 F.3d 327 (5th Cir. 2004) ...................................................................6

*Gales v. CBS Broad.*,
269 F. Supp. 2d 772 (S.D. Miss. 2003)...................................................9

*In re Great Lakes Dredge & Dock Co.*,
624 F.3d 201 (5th Cir. 2010) .................................................................11

*Gregory v. McKennon*,
430 F. App'x 306 (5th Cir. 2011) ..........................................................15

*Harrison v. Facebook, Inc.*,
No. 18-cv-0147, 2019 WL 1090779 (S.D. Ala. Jan. 17, 2019) ..............4

*Henry v. Clarksdale Mun. Separate Sch. Dist.*,
No. 2:64-cv-28, 2017 WL 4701050 (N.D. Miss. Oct. 19, 2017)............................................13

*Hinds Cnty. Hum. Res. Agency v. Canon U.S.A., Inc.*,
No. 3:21-cv-383, 2021 WL 4130523 (S.D. Miss. Sept. 9, 2021) ............................................8

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)..................................................................................................................4

*Iula v. Voos*,
No. 23-cv-2277, 2023 WL 8845461 (S.D. Cal. Dec. 21, 2023) ............................................13

*Knox-Colburn v. Daniel Healthcare, Inc.*,
No. 1:22-cv-44, 2023 WL 150005 (N.D. Miss. Jan. 10, 2023) ............................................10

*Kromtech of USA, LLC v. Cox*,
No. 2:14-cv-1550, 2014 WL 7342600 (E.D. La. Dec. 23, 2014) ............................................5

*Lamb v. CNG Producing Co.*,
9 F.3d 104 (5th Cir. 1993) ......................................................................................................8

*Luvata Grenada, LLC v. Danfoss, LLC*,
No. 4:14-cv-00074, 2015 WL 3484679 (N.D. Miss. June 2, 2015) ........................................6

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
142 F.3d 26 (1st Cir. 1998)......................................................................................................5

*Max-George v. Myrick*,
No. 21-cv-20281, 2023 WL 4501872 (5th Cir. July 12, 2023) .........................................7, 10

*Mora v. Univ. of Tex. Sw. Med. Ctr.*,
469 F. App'x 295 (5th Cir. 2012) ..........................................................................................10

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001) ..................................................................................................5

*Paternostro v. Dow Furnace Co.*,
848 F. Supp. 706 (S.D. Miss. 1994)........................................................................................5

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
688 F.3d 214 (5th Cir. 2012) ..................................................................................................5

*Powers v. Northside Indep. Sch. Dist.*,
951 F.3d 298 (5th Cir. 2020) .............................................................................................7, 10

*Revell v. Lidov*,
317 F.3d 467 (5th Cir. 2002) ..................................................................................................5

*Russell v. Meta Platforms, Inc.*,
No. 4:23-cv-193, 2024 WL 4800365 (N.D. Miss. May 29, 2024) ..........................................3

*Shanghai Hai Bi Cultural Media Co., Ltd v. Pac W. Distrib. Corp.*,
No. 13-cv-3620, 2015 WL 13918988 (C.D. Cal. Jan. 14, 2015).......................................12, 13

*Siemer v. Learjet Acquisition Corp.*,
966 F.2d 179 (5th Cir. 1992) ..........................................................................................3

*Sikhs for Just., Inc. v. Facebook, Inc.*,
697 F. App'x 526 (9th Cir. 2017) ..................................................................................14

*Talavera v. Glob. Payments, Inc.*,
No. 21-cv-1585, 2021 WL 5331000 (S.D. Cal. Nov. 16, 2021)......................................14

*Trout Point Lodge, Ltd. v. Handshoe*,
729 F.3d 481 (5th Cir. 2013) ..........................................................................................11

*W & D Crane Rentals, LLC v. Big Iron Crane Servs., LLC*,
No. 3:15-cv-287, 2015 WL 5772463 (S.D. Miss. Sept. 30, 2015) ...............................6

*Young v. Facebook, Inc.*,
No. 5:10–cv–03579, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010)...............................9, 14

**State Cases**

*A-1 Pallet Co. v. City of Jackson*,
40 So. 3d 563 (Miss. 2010)..............................................................................................12

*Dilworth v. LG Chem, Ltd.*,
355 So. 3d 201 (Miss. 2022)............................................................................................2

*Facebook, Inc. v. K.G.S.*,
294 So. 3d 122 (Ala. 2019)..............................................................................................4

*Fagan v. Faulkner*,
396 So. 3d 1112 (Miss. 2024)..........................................................................................12

*Johnson v. Delta-Democrat Publ'g Co.*,
531 So. 2d 811 (Miss. 1988)......................................................................................11, 12

*K&C Logistics, LLC v. Old Dominion Freight Line, Inc.*,
374 So. 3d 515 (Miss. 2023)............................................................................................3

**Federal Statutes**

Communications Decency Act §230 ................................................................................*passim*

Communications Decency Act §230(c)(1) .......................................................................1, 6

**Federal Rules**

Federal Rule 12(b)(2)......................................................................................................5

Federal Rule 12(b)(6)....................................................................................................12

**Other Authorities**

Restatement (Second) of Contracts § 2(1) .......................................................................8

**DEFENDANT META PLATFORMS, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Plaintiff's Opposition (Dkt. No. 11) confirms that his claims center on the conduct of the Individual Defendants[1] who posted the statements and videos at issue in this action and that the Complaint should be dismissed as to Meta. As Meta explained in its Motion to Dismiss and Memorandum in support, three independent grounds warrant dismissal of the Complaint; Plaintiff has failed to rebut these arguments. Dkt. Nos. 5-6.

*First*, Plaintiff fails to overcome Meta's argument that this Court lacks personal jurisdiction over Meta. Although the Opposition points to conclusory and vague allegations that Meta purportedly paid the Individual Defendants for the alleged Facebook posts, those deficient allegations are not sufficient for Plaintiff to establish personal jurisdiction over Meta, a nonresident defendant with no minimum contacts with Mississippi. This alone is sufficient to dismiss Plaintiff's Complaint against Meta.

*Second*, Section 230 of the Communications Decency Act bars all of Plaintiff's claims, which are based entirely on alleged third-party content posted on Facebook. Indeed, Plaintiff does not dispute that his claims for invasion of privacy, libel, and a temporary restraining order and a preliminary injunction against Meta are barred by Section 230(c)(1). Rather, Plaintiff vaguely contends that the Complaint invokes a contract claim that is not barred by Section 230. But the Complaint asserts no such claim, and even if it had, Section 230 would still bar the claim because it would be based solely on the same allegations regarding Meta's purported removal of or failure to remove content. In short, Section 230 plainly applies here and is case dispositive.

*Third*, even if Section 230 did not bar all of Plaintiff's claims against Meta—it does—the

---

[1] Capitalized terms that are not defined herein have definitions set forth in Meta's Memorandum in support of its Motion to Dismiss. Dkt. No. 6.

Complaint fails to state a claim against Meta. The Opposition does not substantively engage with Meta's arguments that the alleged posts at issue reflect mere opinions and that Meta played no role in their creation. Instead, Plaintiff now asserts that Meta failed to remove the content until recently. That new allegation, raised for the first time in Plaintiff's Opposition, should not be considered. In any event, this allegation, along with Plaintiff's conclusory allegation that Meta paid the Individual Defendants who posted the alleged content, does not—and could not—plausibly suggest Meta participated in the creation of the content.

For these reasons, Plaintiff's claims are fatally deficient and should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF FAILS TO CARRY HIS BURDEN TO ESTABLISH PERSONAL JURISDICTION OVER META.

Plaintiff does not dispute that he "bears the burden of establishing the district court's jurisdiction over [a] nonresident." Dkt. No. 6 ("Mem.") at 3 (citing *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997); *Dilworth v. LG Chem, Ltd.*, 355 So. 3d 201, 205 (Miss. 2022)). In his Opposition, Plaintiff fails to cite to any factual allegations sufficient to establish general or specific personal jurisdiction over Meta. The Complaint should be dismissed in its entirety for this reason alone.

#### A. Plaintiff fails to establish general personal jurisdiction over Meta.

Plaintiff does not dispute that Meta is incorporated in Delaware or that its principal place of business is in Menlo Park, California. *See* Opp. at 4-6; Compl ¶ 6.[2] Nor does Plaintiff respond

---

[2] Plaintiff's assertion that Meta "misleads" in stating it "does not operate in the name of Facebook" or do "business in any other names," Opp. at 4, is not only incorrect, but also irrelevant to the analysis of whether personal jurisdiction exists over Meta in Mississippi. *See* Mem. n. 1 (explaining that Plaintiff erroneously named Meta in the Complaint as "Meta Platforms, Inc. d/b/a

substantively to the authority cited in Meta's Motion holding that, absent exceptional circumstances, general personal jurisdiction exists only in a corporation's state of incorporation or principal place of business. *See* Mem. at 4-5 (citing *Russell v. Meta Platforms, Inc.*, No. 4:23-cv-193, 2024 WL 4800365, at *3 (N.D. Miss. May 29, 2024) (holding that there is "no basis for general jurisdiction" over Meta in Mississippi because Meta is incorporated in Delaware and has its principal place of business in California)).

Plaintiff argues instead, without any legal authority, that the Court has personal jurisdiction over Meta because its registered agent for service of process, Corporation Service Company, has listed a Jackson, Mississippi address in purported filings with the Mississippi Secretary of State. Opp. at 5, Dkt. No. 10-3, Ex. 2. Both Fifth Circuit and Mississippi Supreme Court cases confirm, however, that having a registered agent based in Mississippi does not subject Meta to personal jurisdiction in Mississippi. *See Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 180-81 (5th Cir. 1992) (holding that "in state service on a designated corporate agent" of a nonresident defendant does not, "without more, satisf[y] the requirements of due process" or establish personal jurisdiction over the defendant); *K&C Logistics, LLC v. Old Dominion Freight Line, Inc.*, 374 So. 3d 515, 525 (Miss. 2023) (holding that Mississippi law "prohibits a finding of personal jurisdiction merely because of the appointment and maintenance of a registered agent" in the state). Courts in other jurisdictions have rejected the same argument. *See Clark v. Marcus Todd Sampson Est.*, No. 6:19-cv-01202, 2020 WL 7034578, at *3 (W.D. La. Nov. 30, 2020) ("[C]ourts have generally held that registration and the appointment of an agent in the forum state does not render a defendant 'at home' in the forum . . . .") (collecting cases).

---

Facebook" because Facebook is a service owned by Meta, not a separate entity from Meta, and that on "[o]n October 28, 2021, Facebook Inc. changed its name to Meta Platforms, Inc.").

Therefore, Plaintiff has failed to carry his burden to establish general personal jurisdiction over Meta.

**B.**     **Plaintiff fails to establish specific personal jurisdiction over Meta**.

Nor does Plaintiff's Opposition show that this Court may exercise specific personal jurisdiction over Meta.  Plaintiff makes no showing that Meta purposefully directed activities at or established "minimum contacts with [Mississippi] such that the maintenance of [this] suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up); *see* Mem. at 5-6.

Plaintiff fails to point to any plausible allegation suggesting that Meta purposefully directed any contacts at the state of Mississippi.  Instead, Plaintiff appears to argue that specific jurisdiction exists because Meta did not immediately take down the content at issue, some of which was allegedly posted by a purported Tupelo, Mississippi resident, whom Plaintiff asserts is a "content creator being paid by Meta Platforms . . . ."  Opp. at 4-6; Compl. at 1, ¶ 1.  These arguments fail to establish that specific jurisdiction over Meta is proper in Mississippi.

As a matter of law, Meta's alleged failure to remove the content at issue does not amount to purposeful, "minimum contacts" with the state of Mississippi such that Meta is subject to personal jurisdiction in the state.  Multiple courts have held that the alleged failure to remove content posted on Facebook in a certain state is insufficient to establish personal jurisdiction over Meta in that state. *See Harrison v. Facebook, Inc.*, No. 18-cv-0147, 2019 WL 1090779, at *4 (S.D. Ala. Jan. 17, 2019) ("Plaintiff's allegations that Facebook failed to delete content that she or her agent, who happen to be residents of Alabama, posted on her Facebook page fail to show with reasonable particularity any specific conduct by Facebook that would support an exercise of specific jurisdiction in Alabama.") (internal citations omitted), *report and recommendation adopted*, 2019 WL 1102210 (S.D. Ala. Mar. 8, 2019); *Facebook, Inc. v. K.G.S.*, 294 So. 3d 122,

140 (Ala. 2019) (alleged failure to remove Facebook content was insufficient to demonstrate personal jurisdiction). Indeed, Meta did not, and could not, purposefully direct any contacts at Mississippi through inaction. *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (recognizing that a "'passive' website . . . will not be sufficient to establish personal jurisdiction") (citation omitted); *Kromtech of USA, LLC v. Cox*, No. 2:14-cv-1550, 2014 WL 7342600, at *4 (E.D. La. Dec. 23, 2014) (to exercise personal jurisdiction over a defendant for its "failure to act, standing alone, . . . would be inconsistent with the rule that a defendant's contacts must be purposefully directed at the forum state") (citing *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 221 (5th Cir. 2012)).

Neither does Plaintiff's assertion that Meta paid the Individual Defendants for the alleged Facebook posts establish personal jurisdiction over Meta. As an initial matter, this conclusory assertion is unsupported by any plausible factual allegations. *See* Compl. ¶ 34 (alleging that the Individual Defendants "offer[ed] the sale of the depicted persons visual materials . . . and [were] being paid by Meta Platforms/Facebook for the created content seeking views and monetary pay"). Vague and conclusory allegations are insufficient to carry Plaintiff's burden to establish personal jurisdiction over Meta. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (holding that district courts are "not require[d] . . . to credit conclusory allegations" in assessing personal jurisdiction); *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) ("[T]he law does not require us struthiously to credit conclusory [jurisdictional] allegations or draw farfetched inferences.") (citation and internal quotation marks omitted); *Paternostro v. Dow Furnace Co.*, 848 F. Supp. 706, 709 (S.D. Miss. 1994) ("bald allegations" that defendant entered into contracts with Mississippi residents were "insufficient to overcome a Rule 12(b)(2) motion").

Even putting aside the conclusory nature of the allegation that Meta paid the Individual Defendants as content creators, that allegation is not a basis for personal jurisdiction over Meta. The Fifth Circuit has "repeatedly held" that sending "payments to the forum state" is "insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (collecting cases); *see also Luvata Grenada, LLC v. Danfoss, LLC*, No. 4:14-cv-00074, 2015 WL 3484679, at *5 (N.D. Miss. June 2, 2015) (same); *W & D Crane Rentals, LLC v. Big Iron Crane Servs., LLC*, No. 3:15-cv-287, 2015 WL 5772463, at *4 (S.D. Miss. Sept. 30, 2015) (same).

For these reasons, the claims against Meta should be dismissed for lack of personal jurisdiction.

## II.    SECTION 230 BARS PLAINTIFF'S CLAIMS AGAINST META.

Plaintiff's claims are also barred by Section 230 of the Communications Decency Act; the Complaint can (and should) also be dismissed in its entirety for this reason alone. *See* Mem. at 6-11 (demonstrating that all three requirements under Section 230(c)(1) are met here). In his Opposition, Plaintiff does not dispute that Section 230(c)(1) applies to each of his claims. Instead, he attempts to avoid Section 230's bar by suggesting that Section 230 does not apply to "promissory estoppel" or "contract-related claims." Opp. at 2-3 (citing *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009)). But the Complaint does not allege claims for promissory estoppel or breach of contract. And even if it did, Plaintiff misinterprets Ninth Circuit case law.

As Meta demonstrated in its Motion, Plaintiff's claims are barred by Section 230 because each claim seeks to hold Meta liable for its alleged exercise of a publisher's editorial functions with respect to third-party content. Mot. at 6-11; *Doe v. MySpace, Inc.*, 528 F.3d 413, 419 (5th Cir. 2008) ("Parties complaining that they were harmed by a Web site's publication of user-

generated content . . . may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online."); Compl. ¶ 28 (alleging in connection with invasion of privacy claim that Defendants Turrentine, Jives, and Boone "posted and shared" a picture of Plaintiff without consent); Compl. ¶ 37 (alleging in connection with defamation claim Defendant Turrentine "created a social media video clip" making false claims about Plaintiff); ¶ 51 (alleging in connection with libel claim that Defendant Turrentine "post[ed] and shar[ed] on Facebook" content that was "false and libelous").

In his Opposition, Plaintiff appears to argue that his vague and conclusory allegation that Meta paid the Individual Defendants as content creators means that Section 230 does not apply. As an initial matter, this implausible, conclusory allegation is insufficient to avoid Section 230's bar. *See Max-George v. Myrick*, No. 21-20281, 2023 WL 4501872, at *2 (5th Cir. July 12, 2023) ("Mere conclusory allegations are insufficient to survive a motion to dismiss.") (citing *Powers v. Northside Indep. Sch. Dist*., 951 F.3d 298, 305 (5th Cir. 2020)); *Bradshaw v. Thompson*, No. 3:96-cv-009, 1996 WL 408040, at *2 (N.D. Miss. May 1, 1996) (same). In any event, Plaintiff's bald assertion that Meta paid the Individual Defendants does not change the fact that he is seeking to hold Meta liable for its role as a publisher in deciding whether to "prohibit" or "remove" the content at issue. Opp. at 3; *see Barnes*, 570 F.3d at 1102 (finding that a plaintiff treats a defendant as a publisher of third party content when they are aimed at the defendant "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content"); *MySpace, Inc.*, 528 F.3d at 420 (Section 230 barred attempt to "hold MySpace liable for its failure to implement [certain] measures" because the "allegations are merely another way of claiming that MySpace was liable for publishing the communications and they speak to MySpace's role as a publisher of online third-party-generated content"). Accordingly, each of Plaintiff's claims is squarely barred

by Section 230, and the Court can dismiss his Complaint on that basis alone.

Nor can Plaintiff avoid Section 230 by vaguely referencing "promissory estoppel" or "contract-related claims" that appear nowhere in the Complaint. Opp. at 2-3; *see Cont'l Auto. Sys., Inc. v. Avanci, L.L.C.*, 27 F.4th 326, 333 (5th Cir.) (finding district court "had no discretion to consider" new allegations made in plaintiff's opposition to a motion to dismiss), *vacated on other grounds en banc*, 36 F.4th 1185 (5th Cir. 2022); *Hinds Cnty. Hum. Res. Agency v. Canon U.S.A., Inc.*, No. 3:21-cv-383, 2021 WL 4130523, at *2 (S.D. Miss. Sept. 9, 2021) ("A complaint may not be amended by the plaintiff's briefs in opposition to a motion to dismiss.") (citation omitted). But even if Plaintiff's Complaint had alleged promissory estoppel or breach of contract, these claims would still be barred by Section 230 because they are based solely on the same allegations regarding Meta's purported removal of or failure to remove content. Indeed, contrary to Plaintiff's argument in Opposition, the Ninth Circuit's decision in *Barnes v. Yahoo!* did not hold that promissory estoppel or contract claims are categorically excluded from Section 230. Rather, the court in *Barnes* held that Section 230 did not bar the plaintiff's promissory estoppel claim against Yahoo! because that claim was based on a *specific promise to that plaintiff*—made by Yahoo!'s director of communications—that she would personally remove objectionable content. *Barnes*, 570 F.3d at 1099. Here, the Complaint alleges no specific promise by Meta to Plaintiff that could support a similar claim. These deficiencies are fatal to Plaintiff's argument because promissory estoppel requires "a *manifestation of intention* to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Barnes*, 570 F.3d at 1106-07 (quoting Restatement (Second) of Contracts § 2(1)); *see also Lamb v. CNG Producing Co.*, 9 F.3d 104 (5th Cir. 1993) ("A promissory estoppel claim first requires the

existence of a promise. We cannot create such a promise where none exists.").[3]

For these reasons, the Court should dismiss the claims against Meta as barred under Section 230.

## III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER ANY LEGAL THEORY.

If the Court were to look beyond Section 230—and it should not—Meta has established that the Complaint fails to plausibly allege elements of each of the claims he has asserted against Meta—*i.e.*, invasion of privacy, libel and libel per se, and a temporary restraining order and preliminary injunction. *See* Mem. at 11-17. In his Opposition, Plaintiff argues that his claims are viable based on the new allegation that Meta "quickly deleted the content." Opp. at 6. Plaintiff also relies on the Complaint's vague and conclusory references to purported payments to the "other defendants" under some unspecified "contract." Opp. at 6-7; Compl. ¶ 34. Plaintiff cannot defeat dismissal by relying on these deficient allegations. *See supra* at 7.

### A.    Plaintiff fails to allege essential elements of his invasion of privacy claim.

Meta has shown that Plaintiff fails to state a viable invasion of privacy claim under any of the four established theories (or sub-torts). *See* Mem. at 12-13. The Complaint does not state a misappropriation of identity or false light theory because it does not plausibly allege that Meta made any statements directed at Plaintiff. *See id.* at 12 (citing *Gales v. CBS Broad.*, 269 F. Supp. 2d 772, 783-84 (S.D. Miss. 2003)). Nor does the Complaint state a public disclosure or intentional intrusion theory because it alleges that the Individual Defendants, not Meta, posted the videos and statements alleged in the Complaint. *Id.* at 12-13 (collecting cases).

---

[3] To the extent that Plaintiff argues that Meta's Terms of Service constitute a promise to remove the content at issue in this case, the plain text of the Terms belies that contention, and numerous courts have rejected that argument. *See Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) ("[A]s another court has correctly recognized, while Facebook's Terms of Service 'place restrictions on users' behavior,' they 'do not create affirmative obligations.'") (quoting *Young v. Facebook, Inc.*, No. 5:10–cv–03579, 2010 WL 4269304, at *3 (N.D. Cal. Oct. 25, 2010)).

Plaintiff does not address any of the cases cited by Meta, but instead makes the new allegation that Meta "quickly deleted the content."[4] Opp. at 6. Even if the Court were to consider this allegation, raised for the first time in the Opposition, it does not support Plaintiff's invasion of privacy claim because the claim is premised on Meta's purported "approv[al]" of the "posts" (Compl. ¶ 35) and "fail[ure] to remove" them from Facebook. Opp. at 6-7. This contradiction renders Plaintiff's invasion of privacy claim facially implausible under Fifth Circuit case law. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 299 (5th Cir. 2012) (*per curiam*) (when an "allegation is contradicted by the other facts alleged in the complaint . . . the claim [is] implausible on its face"); *Knox-Colburn v. Daniel Healthcare, Inc.*, No. 1:22-cv-44, 2023 WL 150005, at *4 (N.D. Miss. Jan. 10, 2023) (same).

Plaintiff's vague and conclusory allegation that Meta "paid" the Individual Defendants "for the created content seeking views and monetary pay" fares no better. Compl. ¶ 34. As discussed *supra*, controlling case law holds that these "[m]ere conclusory allegations are insufficient to survive a motion to dismiss." *Max-George*, 2023 WL 4501872, at *2 (citing *Powers*, 951 F.3d at 305); *Bradshaw*, 1996 WL 408040, at *2 (same). Nor is it enough for Plaintiff to vaguely allege, for the first time in his Opposition, that some unspecified "contract agreement and federal tax EIN number with Meta/Facebook" somehow supports his conclusory allegation that Meta "paid" the Individual Defendants as "content creator[s]." Opp. at 6. The Complaint does not identify any contract between Meta and any of the Individual Defendants. *See generally* Compl. And even if the Court were to accept as true that the Individual Defendants monetized their content in some

---

[4] Plaintiff speculates that Meta allegedly removed the content "to deceive a court to evade a judgment or order of injunction by the Plaintiff against all defendants." Opp. at 5. That accusation is entirely baseless. What's more, this new allegation is flatly wrong because Meta's arguments for dismissal are not predicated on whether the alleged posts remain active.

capacity, the Complaint alleges no facts that plausibly suggest Meta had any role in creating or directing any of the Facebook posts identified in the Complaint—which purportedly depict "sexual engagement" and "nud[ity]." *Id.* That Meta played a role in the Individual Defendants' creation of the alleged content is highly implausible. Compl. ¶¶ 8-13; *see also* Opp. Dkt. No. 10-5, Ex. 5 (depicting the alleged content at issue). Such rank speculation is not sufficient to state a plausible claim for relief. *See In re Great Lakes Dredge & Dock Co*., 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Therefore, the Court should dismiss Plaintiff's invasion of privacy claim against Meta.

**B.** **Plaintiff fails to allege essential elements of his libel claim**.

Meta has also established that Plaintiff fails to state a viable claim for libel or libel per se. *See* Mem. at 13-15. Plaintiff's arguments to the contrary are without merit.

First, Plaintiff does not meaningfully contest that the alleged statements and videos are merely "opinions by the Individual Defendants about the Plaintiff that are, at bottom, name calling – and are therefore not actionable." Mem. at 14 (citing *Johnson v. Delta-Democrat Publ'g Co*., 531 So. 2d 811, 814 (Miss. 1988) ("[N]ame calling and verbal abuse are to be taken as statements of opinion, not fact, and therefore will not give rise to an action for libel.")). Instead, Plaintiff makes the unsupported argument that "Meta . . . violated [its] own policies against this kind of abuse online" by "refus[ing] to remove the defamed content until a week ago . . . ." Opp. at 6. As explained *supra* at 8-9, n.3, Meta made no promise to remove the alleged content. But even if it had, that would not change the dispositive point that the alleged posts are opinions and name calling that are not actionable as a matter of law. *See Johnson*, 531 So. 2d at 814; *see also Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 493 (5th Cir. 2013) ("The Mississippi Supreme Court has recognized that 'name calling and verbal abuse are to be taken as statements of opinion, not

fact, and therefore will not give rise to an action for libel.'") (quoting *Johnson*, 531 So.2d at 814);

*Fagan v. Faulkner*, 396 So. 3d 1112, 1118 (Miss. 2024) (same).

Second, Plaintiff does not point to any well-pled, factual allegations to dispute that Meta

played no active or responsible part in creating the alleged Facebook posts, and therefore cannot

be held liable for libel as a matter of law. *See* Mem. at 14-15 (collecting cases). Plaintiff only now

makes the new, conclusory, and vague assertion that Meta was an "active" and "responsible"

participant "under the terms and condition of a contract with [the Individual Defendants]." Opp.

at 6. Again, such conclusory allegations—asserted for the first time in Plaintiff's Opposition—

are insufficient to defeat Meta's Motion to Dismiss. *See supra* at 8, 10.

For these reasons, the Court should dismiss the libel and libel per se claim against Meta.

**C.      Plaintiff fails to show any irreparable harm or likelihood of success that warrants injunctive relief against Meta.**

Plaintiff does not dispute that he must plausibly allege irreparable harm and a likelihood of

success on the merits of his claims against Meta to obtain a temporary restraining order or

preliminary injunction against Meta. Mem. at 15-16; Opp. at 8.[5] Plaintiff asserts, without any

authority or reasoned argument, that he has made these required showings. He is incorrect.

Because Plaintiff's claims against Meta should be dismissed pursuant to Rule 12(b)(6) for

the reasons discussed *supra*, Plaintiff necessarily cannot show a likelihood of success on the merits

of those claims. *See Henry v. Clarksdale Mun. Separate Sch. Dist.*, No. 2:64-cv-28, 2017 WL

---

[5] In his Opposition, Plaintiff asserts that he is entitled to a "final injunction" as well. Opp. at 8. But he is not entitled to a final injunction before making a sufficient showing of irreparable injury and a likelihood of success on the merits of his claims. *See A-1 Pallet Co. v. City of Jackson*, 40 So. 3d 563, 569 (Miss. 2010) (affirming denial of permanent injunction where the chancery court considered the same preliminary injunction factors that apply for permanent injunctions and found no showing of irreparable harm); *Shanghai Hai Bi Cultural Media Co., Ltd v. Pac W. Distrib. Corp.*, No. 13-cv-3620, 2015 WL 13918988, at *4 (C.D. Cal. Jan. 14, 2015) (denying request for permanent injunction where plaintiff failed to show a "probable success on any of its claims") ("*Shanghai Hai*"). He has done neither here.

4701050, at *6 (N.D. Miss. Oct. 19, 2017) (denying motion for temporary restraining order and preliminary injunction where the plaintiff failed to show a likelihood of success on the merits of the underlying claims), *aff'd*, 736 F. App'x 91 (5th Cir. 2018); *see also Shanghai Hai*, 2015 WL 13918988, at *4 ("Because Plaintiff fails to demonstrate probable success on any of its claims, Plaintiff does not adequately plead entitlement to injunctive relief."); *Iula v. Voos*, No. 23-cv-2277, 2023 WL 8845461, at *6 (S.D. Cal. Dec. 21, 2023) (same).

Additionally, Plaintiff argues that his purported "injuries" are "irreparable" yet at the same time, seeks *$10 million* in damages. Opp. at 6. Plaintiff also does not explain how injunctive relief could remedy his alleged injuries; indeed, he now appears to claim that the Facebook posts at issue are no longer active. Opp. at 6.[6] If true, this would obviate the need for content removal and thus any injunctive relief from the Court. And Plaintiff's request for injunctive relief is further undercut by his attempt to file the alleged content—the same posts that purportedly harm him irreparably—on the Court's public docket. *See* Dkt. No. 8 (striking Plaintiff's original opposition in part because he failed to seek leave to file under restriction exhibits that contain nudity).[7] In short, Plaintiff's Opposition affirmatively undermines his theory of irreparable injury, confirming that his request for injunctive relief should be denied. *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-cv-03428, 2011 WL 7762998, at *3 (N.D. Cal. Aug. 16, 2011) (denying request for

---

[6] The Court need not consider the vague assertion in the Opposition that "there exist other postings of defamation." Opp. at 6. In addition to the fact that these allegations are not in the Complaint, it is entirely unclear whether the purported "postings" are on Facebook, by whom they were posted, what they concern, or how they are allegedly defamatory.

[7] Plaintiff appears to mistakenly cite an "Exhibit 3" that was never submitted with his Opposition or Motion for Leave of Court to File under Restriction (Dkt. No. 12). Assuming he intended to cite Exhibit 5 (Dkt. No. 10-5), the depicted images do not show, as Plaintiff suggests, "postings by defendants and Meta under a contract violating policies and the law that defames this Plaintiff's Character and invades his privacy." Opp. at 8. Rather, the referenced postings are plainly content that *the Individual Defendants* allegedly posted on Facebook. *See* Dkt. No. 10-5, Ex. 5.

temporary restraining order where plaintiff failed to show irreparable harm); *Talavera v. Glob. Payments, Inc.*, No. 21-cv-1585, 2021 WL 5331000, at *5 (S.D. Cal. Nov. 16, 2021) ("The failure to show irreparable harm is enough to deny a request for an injunction.").

For these reasons, the Court should dismiss Plaintiff's claim for injunctive relief against Meta.

## IV.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

Meta has established that the Complaint should be dismissed with prejudice because Plaintiff cannot amend the Complaint to evade Section 230's bar or to state a viable cause of action. Mem. at 16-17. Plaintiff's Opposition confirms that, fundamentally, he is seeking to hold Meta liable for content posted by third parties on Facebook. No amendment can circumvent Section 230's bar. *See Sikhs for Just., Inc. v. Facebook, Inc.*, 697 F. App'x 526, 526 (9th Cir. 2017) ("Because [plaintiff's] claim is barred by [Section 230], granting [plaintiff] leave to amend its complaint would have been futile."); *Caraccioli*, 167 F. Supp. 3d at 1067 ("Because Plaintiff's claims against Facebook are barred as a matter of law by § 230(c), the court finds that allowing for their amendment would be futile.").

Plaintiff's only argument to the contrary is that he can purportedly state a claim for promissory estoppel and/or "contract-related claims." Opp. at 2-3. As explained *supra* at 7, that argument is wrong because such claims would be barred by Section 230. Moreover, case law confirms that Plaintiff cannot plausibly state any promissory estoppel or breach of contract claim predicated on Meta's Terms of Service. *See Caraccioli*, 167 F. Supp. 3d at 1064 (concluding that "while Facebook's Terms of Service 'place restrictions on users' behavior,' they 'do not create affirmative obligations.'") (quoting *Young*, 2010 WL 4269304, at *3).

Accordingly, the Court should dismiss the claims against Meta with prejudice because amendment would be futile. *See Gregory v. McKennon,* 430 F. App'x 306, 308 (5th Cir. 2011)

(finding that leave to amend need not be granted to pro se litigants "where the legal theory upon which a complaint relies is 'indisputably meritless'").

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Meta respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated: July 21, 2025

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

By:  */s/ D. Sterling Kidd*
     D. Sterling Kidd (MS Bar No. 103670)
     Baker, Donelson, Bearman, Caldwell
     BAKER, DONELSON, BEARMAN, CALDWELL
     & BERKOWITZ, PC
     One Eastover Center
     100 Vision Drive, Suite 400 (ZIP 39211)
     P. O. Box 14167
     Jackson, Mississippi 39236
     Telephone: 601.351.2400 / Facsimile: 601.351.2424
     skidd@bakerdonelson.com

     *Attorney for Defendant, Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on July 21, 2025, I electronically filed the foregoing Reply in Support of Motion to Dismiss Complaint with the Clerk of the Court using the CM/ECF system and served electronically on all registered users. I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Calvin Tyrone Norton
P.O. Box 1145
Whiteville, NC 28472

By: _/s/ *D. Sterling Kidd*_____
D. Sterling Kidd