UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DR. CALVIN TYRONE NORTON                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 1:25-CV-99-GHD-DAS

HAROLD C. TURRENTINE; et al.                                   DEFENDANTS

## OPINION

Presently before the Court is the Defendant Meta Platforms, Inc.'s ("Meta") motion to dismiss [5] the Plaintiff's claims pending against Meta. The Plaintiff's claims against the four remaining individual defendants are not addressed in the current motion. Upon due consideration and for the reasons set forth below, the Court finds the Defendant's motion should be granted and the Plaintiff's claims against Meta dismissed.

### I.   Background

The Plaintiff, who is proceeding *pro se*, brings this state law action against Meta and four unrelated individual defendants. In his complaint, the Plaintiff alleges the individual defendants posted statements and videos onto Facebook (a social media service owned by the Defendant Meta) that the Plaintiff alleges invaded his privacy and libeled him.

The Plaintiff asserts claims for invasion of privacy and libel against Meta, presumably because Meta owns Facebook. Meta has filed a motion to dismiss [5], seeking to dismiss the Plaintiff's complaint pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that no personal jurisdiction over Meta exists in this matter and that the Plaintiff's claims against Meta are barred by Section 230(c)(1) of the

Communications Decency Act ("Section 230"). The Plaintiff opposes the Defendant's motion.

## II.     Legal Standard

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] federal court sitting in diversity may assert personal jurisdiction over a defendant if (1) the state's long-arm statute permits it, and (2) exercising jurisdiction would not violate the Fourteenth Amendment's Due Process Clause." *Savoie v. Pritchard*, 122 F.4th 185, 190 (5th Cir. 2024) (citing *Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318 (5th Cir. 2020)). Unlike other states, "the Mississippi long-arm statute is not coextensive with federal due process, requiring an analysis of the scope of the reach of the statute itself." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) (citation omitted).

"There are two types of personal jurisdiction under federal law: general and specific." *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (citing *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019)). "General personal jurisdiction applies 'only when a defendant is 'essentially at home,' and any and all claims may be brought against a defendant wherever it is subject to such jurisdiction." *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021)). "By comparison, specific personal jurisdiction is narrower and attaches only when there is a sufficient connection between a defendant's forum-related contacts and a plaintiff's causes of action." *Id.* (citing *Ford Motor*, 592 U.S. at 359–60).

As for specific jurisdiction, the Fifth Circuit "engages in a three-step analysis to determine whether a court may exercise specific jurisdiction over a non-forum defendant." *Savoie*, 122 F.4th at 190. These steps are "'(1) whether the defendant has minimum

2

contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" *Id.* at 190–91 (quoting *Shambaugh & Son*, 91 F.4th at 372). "Put another way, a defendant must have 'fair warning' that his activities may subject him to another state's jurisdiction." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021) (quoting *Ford Motor*, 592 U.S. at 360). "That warning permits the defendant to 'structure its primary conduct to lessen or avoid exposure to a given State's courts.'" *Id.* (quoting *Ford Motor*, 592 U.S. at 360). "The limits on specific jurisdiction also 'ensure that States with little legitimate interest in a suit' cannot wrest that suit from 'States more affected by the controversy.'" *Id.* (quoting *Ford Motor*, 592 U.S. at 360).

The party invoking the Court's jurisdiction bears the burden of establishing that personal jurisdiction is warranted. *Savoie*, 122 F.4th at 190 (quoting *Danziger & De Llano, L.L.P v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495 (5th Cir. 2022)). Accordingly, the Court must determine whether the Plaintiff has presented sufficient evidence to support his assertion that jurisdiction over Meta in this matter is proper in this Court. *Diece-Lisa Indus. v. Disney Enters.*, 943 F.3d 239, 249 (5th Cir. 2019).

### III.  Analysis

As the Court noted above, the Plaintiff bears the burden of establishing the Court's personal jurisdiction over the non-resident defendant Meta. *Allred*, 117 F.3d at 281. The Plaintiff does not dispute that Meta is incorporated in Delaware and has its principal place of business in California.

3

As previously noted, "[p]ersonal jurisdiction may be 'specific' or 'general.'" *Russell v. Meta Platforms, Inc.*, No. 4:23-CV-193-SA-DAS, 2024 WL 4800365, at *2 (N.D. Miss. May 29, 2024); *Wilmington Trust, N.A. v. Lincoln Benefit Life Co.*, 328 F. Supp. 3d 586, 589 (N.D. Miss. 2018). In the case *sub judice*, the Plaintiff's complaint does not clarify whether he seeks to invoke jurisdiction over Meta through general or specific jurisdiction. The Complaint [2] simply alleges in conclusory fashion that the Court "has personal jurisdiction over the parties" because "each Defendant has sufficient contacts of doing daily business and transactions with Mississippi" . . . "through the international communications of Meta." [2, at p. 1]. The Court will therefore address both specific and general jurisdiction.

To establish specific personal jurisdiction, a plaintiff must make a *prima facie* showing of minimum contacts by making a claim arising from a defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). In cases of general jurisdiction, by contrast, a plaintiff does not allege his claim arose from the defendant's contacts with the forum. In such cases, the U.S. Supreme Court has made it much more difficult for the plaintiff to establish personal jurisdiction over the defendant. Indeed, to establish general personal jurisdiction, a plaintiff makes the requisite showing only when the subject defendant's contacts with the forum are "continuous and systematic," so that the exercise of jurisdiction is proper irrespective of the claim's relationship to the defendant's contact with the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952).

Here, as in similar previous cases in this district (for instance, *Russell v. Meta Platforms, Inc.*, No. 4:23-CV-193-SA-DAS, 2024 WL 4800365 (N.D. Miss. May 29,

2024)), the Court finds there is no basis for general jurisdiction over Meta in this action. Meta is incorporated in Delaware and its principal place of business is in California. The Plaintiff has made no credible allegation that Meta engages in continuous and systematic contacts with Mississippi sufficient to support the Court's general jurisdiction over Meta. Simply put, the Plaintiff makes no contention that Meta is "at home" in Mississippi. *See, e.g., Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020) ("A company is deemed 'at home' when the continuous corporate operations within a state are so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities—who more than likely is the business's domicile.") (citations and quotation marks omitted). The Court therefore finds the exercise of general jurisdiction over Meta is improper in this case.

As noted above, for specific jurisdiction, "[a] federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). The Mississippi long-arm statute provides as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

5

Miss. Code § 13-3-57. "Under due-process requirements, the defendant must have requisite minimum contacts with the forum state, and the exercise of jurisdiction in the forum state must not infringe on 'traditional notions of fair play and substantial justice.'" *Trois v. Apple Tree Auction Cntr., Inc.*, 822 F.3d 485, 488-89 (5th Cir. 2018) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Here, the Court reaches the same conclusion that other courts in this district and elsewhere in similar cases have reached with respect to specific personal jurisdiction over Meta. Simply put, the Plaintiff has alleged no specific activities in which Meta engaged that were sufficiently directed toward the forum to permit this Court's exercise of specific personal jurisdiction over Meta in this matter. The Plaintiff has not credibly alleged any contract, tort, or other business in which Meta was engaged that would expose it to jurisdiction specifically in Mississippi. This Court also accepts the reasoning previously articulated in similar cases that "personal jurisdiction over [Meta] may not exist simply because a user avails himself of Facebook's services in a state other than the state in which [Meta] is incorporated and has its principal place of business." *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016*); Russell*, 2024 WL 4800365, at *3; *Harrison v. Facebook, Inc.*, No. 18-0147, 2019 WL 1090779, at *4 (S.D. Ala. Jan. 17, 2019); *Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 960 (N.D. Ohio 2018). The Court's exercise of specific jurisdiction over Meta is therefore simply inappropriate on these pleaded facts.

In sum, "[w]hen a nonresident defendant challenges personal jurisdiction, the party seeking to invoke the court's power bears the burden of proving, by a preponderance of the evidence, the existence of jurisdiction." *Scott & Scott Dev., Inc. v. Jersey Shore Steel Co.*, 2008 WL 4457853, at *2 (N.D. Miss. Sept. 30, 2008) (citing *Luv N' Care, Ltd. v. Insta-*

6

*Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)). The Court finds, in this case, the Plaintiff has not met his burden to establish the exercise of personal jurisdiction over Meta is proper in this case.[1]

### IV.    Conclusion

For all of the foregoing reasons, the Court finds its exercise of personal jurisdiction over the Defendant Meta in this matter is improper, and the Plaintiff has not met his burden to demonstrate personal jurisdiction over Meta exists in this case. Accordingly, the Court shall grant Meta's motion to dismiss [5] pursuant to Rule 12(b)(2) and the Plaintiff's claims against Meta shall be dismissed. The Plaintiff's claims against the remaining four individual Defendants shall proceed.

An order in accordance with this opinion shall issue this day.

This, the 10th day of March, 2026.

                                                                        _____
                                                                        SENIOR U.S. DISTRICT JUDGE

---

[1] In any event, even if this Court could exercise personal jurisdiction over Meta in this case, the Plaintiff's claims against Meta are clearly barred by 47 U.S.C. § 230(c)(1) ("Section 230"). Section 230 provides that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." See *Nicholas Servs., LLC v. Glassdoor, LLC*, 746 F. Supp. 3d 343, 355 (N.D. Miss.2024) (holding Section 230 "bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content" and "Section 230 immunizes websites from liability for content posted online by third parties"); *Hinton v. Amazon.com.dedc, LLC*, 72 F. Supp. 3d 685, 689 (S.D. Miss. 2014) (holding the "expansive scope" of the Section 230 bar "encompass[es] state tort claims" and "requests for injunctive relief."). Given that Meta is an interactive service provider, the content at issue was provided by someone other than Meta, and the Plaintiff seeks to hold Meta liable for its purported exercise of a publisher's traditional editorial functions (deciding whether to publish, withdraw, postpone, or alter content), it is clear Section 230 serves to bar the Plaintiff's claims.