IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DR. CALVIN TYRONE NORTON PLAINTIFF

v. CIVIL ACTION NO. 1:25-CV-99-GHD-DAS

HAROLD C. TURRENTINE; et al. DEFENDANTS

ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On consideration of the file and records in this action, the Court finds that the Report and Recommendation [40] of the United States Magistrate Judge dated September 1, 2026, regarding the dismissal without prejudice of the Plaintiff's claims against the Defendant Demario Jives for failure to properly and timely serve process, and regarding the entry of default judgments against Defendants Harold Turrentine, Felicia Boone, and William McCray, was on that date duly served upon the *pro se* Plaintiff; the Plaintiff has submitted a timely objection to the Report and Recommendation [41].

For the reasons aptly set forth in the Magistrate Judge's Report and Recommendation, the Court is of the opinion that the Report and Recommendation should be approved and adopted as the opinion of the Court. The Plaintiff, proceeding *pro se*, filed his complaint in this matter on June 16, 2025 [1, 2]. In the Complaint, the Plaintiff asserts claims against five Defendants, one of whom (Meta Platforms) has been dismissed [30, 31]. As for the Defendant Jives, despite three notices from the Clerk regarding incomplete process, the Plaintiff has failed to effect service of process on Jives. The Plaintiff's claims against Jives shall therefore be dismissed without prejudice pursuant to Fed. R. Civ. Pro. 4(m).

As for the three remaining individual Defendants (Turrentine, Boone and McCray), they have failed to answer the Plaintiff's complaint after being served with process [21, 22]. Rule 55

of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). Next, the clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). Third, after an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff in the case *sub judice* has met these requirements.

Because the Defendants Turrentine, Boone, and McCray have failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted and a default judgment in the Plaintiff's favor as to these three individual Defendants is warranted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted). The Plaintiff will therefore now be permitted to present evidence to the Court on his claims as well as the damages he alleges he suffered because of the Defendants Turrentine, Boone, and McCray's conduct. *See* Fed. R. Civ. P. 55(b)(2).

Accordingly, the Court shall approve and adopt the Magistrate Judge's Report and Recommendation as the opinion of the Court and shall dismiss this action without prejudice against the Defendant Demario Q. Jives pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Court further shall enter default judgments against Defendants Harold C. Turrentine, Felicia A. Boone, and William G. McCray, III.

The Court therefore **ORDERS** the following:

1) the Report and Recommendation [40] of the United States Magistrate Judge dated September 1, 2026, is hereby approved and adopted as the opinion of the Court;

2) the Plaintiff's motion for extension of time [39] is DENIED;

3) the Plaintiff's claims against Defendant Demario Q. Jives are hereby DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

4) default judgments are ENTERED against Defendants Harold C. Turrentine, Felicia A. Boone, and William G. McCray, III. The Court will defer entering final judgment until the Court receives and considers the Plaintiff's evidence on damages regarding the three remaining individual Defendants. The Plaintiff shall submit any such evidence to the Court within twenty-one (21) days of the date of this Order.

SO ORDERED, this, 9th day of November, 2026.

Glen H. Davidson

SENIOR U.S. DISTRICT JUDGE